**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LAVERNE WALKER,

        Plaintiff,

v.

                                 CIVIL CASE NO. 04-60194

NATIONAL STEEL, CORP., AMTECH       HON. MARIANNE O. BATTANI
ELEVATOR SERVICES, INC., and MONARCH
WELDING & ENGINEERING, INC.,

        Defendants.

_____/

**OPINION AND ORDER DENYING**
**DEFENDANT MONARCH'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Before the Court is defendant Monarch Welding & Engineering's ("Monarch") Motion

for Summary Judgment (Doc. #33).  Plaintiff Laverne Walker is an Alabama resident employed

by Brand Scaffolding Company as a scaffolding maintenance foreman.  On December 22, 1999,

Plaintiff was performing work duties at a National Steel ("National") plant, located in Ecorse,

Michigan.  He was allegedly injured when, after debris fell into his eyes, he lost his balance,

slipped, and then fell.  Several minutes after this incident, Plaintiff entered an elevator,

maintained by defendant Amtech Elevator Services ("Amtech").  The elevator broke down and

stalled between floors for approximately four hours.

On February 27, 2002, Plaintiff filed a personal injury lawsuit against National and

Amtech in Wayne County Circuit Court, asserting claims for negligence and breach of third-

party beneficiary contract.  Amtech filed an answer on April 25, 2002.  Defendant National,

before receiving service, filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois on March 6, 2002. As a result, an automatic stay went into effect. The case was closed for administrative purposes on August 19, 2002, by a state court Order for Administrative Closing Due to Bankruptcy Stay. The Bankruptcy Court lifted its automatic stay on February 10, 2004. The circuit court reopened the personal injury case in response to the parties' request on August 16, 2004. National was then served and subsequently filed a Motion to Remove to this Court. National then filed an answer on September 13, 2004. On November 3, 2004, National filed a Notice of Non-Party at Fault, pursuant to Michigan Court Rule ("MCR") 2.112, identifying Monarch as the potential source of the fallen debris.

At the time of the alleged injury, National contracted with Monarch to work on a furnace re-lining project. It is alleged that Monarch's employees were working directly above Plaintiff when the debris fell. Amtech filed a concurrence to the Notice of Non-Party at Fault on November 12, 2004. On January 31, 2005, Plaintiff filed an amended complaint, adding Monarch as a party. Monarch filed this Motion for Summary Judgment arguing that Plaintiff's claims are time-barred. Specifically, it contends the amended complaint adding Monarch was not filed until January 31, 2005, in violation of a three-year state statutory limitation for personal injury suits. MICH. COMP. LAWS ANN. § 600.5805 (10).

## II.    STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, a motion for judgment on the pleadings may be granted when the complaint is barred by the applicable statute of limitations. "Dismissal of a complaint for failure to state a claim because it is barred by the statute of limitations is proper when the statement of the claim affirmatively shows that plaintiff can prove

no set of facts that would entitle him to relief." <u>Gibson v. Amer. Bankers Ins. Co.</u>, 289 F.3d 943, 946 (6th Cir. 2002). The movant must show that the time alleged in the complaint demonstrates "that [the] action was not brought within the statutory period." <u>Rauch v. Day & Night Mfg.</u>, 576 F.2d 697, 702 (6th Cir. 1978).

## III.   ANALYSIS

Monarch advances three bases for summary judgment: First, Monarch asserts that Plaintiff's suit is time-barred because the addition of Monarch as a party took place more than three years after the alleged incident, in violation of MICH. COMP. LAWS ANN. § 600.5805(10); second, Monarch argues that neither the Bankruptcy Stay, nor administrative closing tolled the statute of limitations against it, relying on 11 U.S.C. 108(c), and; finally, Monarch maintains that the original summons expired before National was served, and was therefore, automatically dismissed without prejudice. As a result, Monarch contends the Notice of Non-Party at Fault has no effect.

Plaintiff's personal injury suit against defendants National and Amtech commenced on February 27, 2002, well within the statutory limitations period required by MICH. COMP. LAWS ANN. § 600.5805 (10). Monarch's argument that the claim against it is barred because it exceeds the time limits is unpersuasive because it overlooks the statutory modifications resulting from the Michigan Tort Reform Statute. 1995 Mich. Pub. Acts 249, MICH. COMP. LAWS ANN. § 600.2957(2). These modifications, governing the time period to satisfy non-party notice and amendment based on such filing, have not been violated.

3

National filed its first responsive pleading on September 13, 2004.[1]  MCR 2.112(K)(3) gives a party 91 days to file a notice that a nonparty is partially or wholly at fault.  MICH. COMP. LAWS ANN. § 600.2957(2) allows a party 91 days after identification of a nonparty to file and serve an amended pleading alleging a cause of action against the nonparty named in the Notice of Non-Party at Fault.  Pursuant to MCR 2.112 (K), National filed a Notice of Non-Party Fault on November 4, 2004.[2]  The Non-Party at Fault Notice was filed within 91 days of National's first responsive pleading, and therefore, valid.

Monarch cites Staff v. Johnson, 619 N.W.2d 57, 63 (Mich. Ct. App. 2000), to support its contention that adding parties three years after the date of injury is contrary to "bedrock" statute of limitations policy.  Def. Monarch's Reply Brief at 8.  However, the issue in that case was whether Plaintiff could amend the original complaint to reflect the Notice of Non-Party at Fault filed *more than* 91 days after the responsive pleading, and thus, in *violation* of MCR 2.112.  Here, the Notice was properly filed and complied with the statute.  Thus, the analogy is unpersuasive.  Monarch also relies on Hurt v. Michael's Food Ctr., Inc., 559 N.W.2d 660 (Mich. Ct. App. 1996), for the proposition that the relation-back doctrine of MCR 2.118 does not apply to the addition of parties.  However, that case is not controlling because that decision occurred before the Michigan Tort Reform Statute took effect.

Monarch's argument that Non-Party at Fault Notice must be filed within 91 days of the summons is also mistaken.  MCR 2.112 (K) expressly provides that Notice must be filed within

---

[1] Although National filed a Motion to Remove on September 6, 2004, the answer filed September 13, 2004, is considered the first responsive pleading.  MCR 2.110(A).

[2] 2.2112 (K)(4) provides, " *Amendment Adding Party*.  A party served with a notice under this subrule may file an amended pleading stating a claim or claims against the nonparty within 91 days of service of the first notice identifying that nonparty.  This court may permit later amendment as provided in MCR 2.118."

4

91 days of the "first responsive pleading," not the summons.  Furthermore, National could not file within 91 days of the Summons because the Administrative Closure resulting from the Bankruptcy proceedings prevented National from taking further action in Wayne County Circuit Court.

After filing the Notice of Non-Party at Fault, a plaintiff has 91 days to request leave to file an amended complaint.  Such amendment, as expressed by the statute, "is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action."  MICH. COMP. LAWS ANN. § 600.2957(2). Plaintiff's subsequent request to amend the original complaint to reflect such notice likewise complies with MICH. COMP. LAWS ANN. § 600.2957, as the request was made within 91 days of the notice.  Michigan case law makes clear that both MICH. COMP. LAWS ANN. § 600.2957 and MCR 2.112 (K) "govern the filing of an amended complaint against an identified non party." Williams v. Arbor Homes, 656 N.W.2d 873, 875 (Mich. Ct. App. 2002), vacated and remanded on other grounds by, 669 N.W.2d 814 (Mich. 2003).  Therefore, National and Plaintiff acted in accordance with statutory and procedural rules.

Finally, Monarch asserts that the administrative closing did not toll the statute of limitations against National, and therefore, National is not properly before the Court because National responded to an expired summons.  Thus, Monarch contends that a defendant that is not properly before the Court cannot implead another defendant by filing a Notice of Non-Party at Fault.  However, National is properly before the Court, even if it was not properly served.[3]  In re Estate of Gordon, 564 N.W.2d 497, 502 (Mich. Ct. App. 1997), Penny v. ABA Pharmaceutical

---

[3] The fact that the tolling provision of 11 U.S.C. § 108(c) for continuation of pre-petition lawsuits had expired does not change the result.

Co., 511 N.W.2d 896, 897 (Mich. Ct. App. 1993). National had actual notice of the suit well before the summons expired, contested the cause of action, and has submitted to the jurisdiction of the Court. Def. National's Notice of Removal at 2, 4. Thus, there is no viable argument that National is not properly before this Court because service of process was improper. Therefore, the Court has jurisdiction over National, Plaintiff timely filed his complaint, and National and Plaintiff acted in accordance with statutory and procedural rules to implead Monarch.

## IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant Monarch's Motion for Summary Judgment is **DENIED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: October 14, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Neil A. Miller, Stacey l. King, Carol Wilson, and William L. Kiriazis on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK

6